UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| VOLTAGE PICTURES, LLC., a California Limited Liability Company, and DALLAS BUYERS CLUB, LLC, a Texas Limited Liability Company,<br><br>      Plaintiffs,<br>  v.<br><br>JOHNNY MARTINEZ,<br><br>      Defendant.<br>_____ | Case No.: 3:15-cv-02-AC<br><br>FINDINGS AND RECOMMENDATION |

ACOSTA, Magistrate Judge:

*Introduction*

  Plaintiffs, Voltage Pictures, LLC, and Dallas Buyers Club, LLC ("Plaintiffs") initiated this action on January 1, 2015, against a Doe defendant known only through his Internet Protocol Address ("IPA"). Plaintiffs allege an individual used the IPA to copy and publish their motion

Page 1 - FINDINGS AND RECOMMENDATION                    *{SIB}*

picture, Dallas Buyers Club (the "Movie"), on September 2, 2014, via a BitTorrent client. Accordingly, Plaintiffs allege the defendant willfully infringed Plaintiffs' exclusive rights under the Copyright Act. Plaintiffs also allege the conduct of the defendant has and will continue to cause harm to Plaintiffs unless the infringed activity is enjoined.

During initial discovery, Comcast identified defendant Johnny Martinez ("Martinez") as the subscriber associated with the IPA. Martinez initially refused to respond to Plaintiffs' communication attempts, forcing Plaintiffs to seek leave to issue a non-party subpoena allowing them to depose Martinez. Martinez eventually confirmed he was responsible for downloading the Movie, but then ceased communications with Plaintiffs. On March 30, 2015, Plaintiffs filed a First Amended Complaint naming Martinez as the defendant in this action.

Plaintiffs accomplished service on Martinez on April 3, 2015. Martinez did not file an answer within twenty-one days and, after providing Martinez a notice of default dated April 29, 2015, Plaintiffs moved for entry of default, which the court entered on May 16, 2015. Plaintiffs now seek a default judgment permanently enjoining Martinez from engaging in infringing activity and awarding statutory damages in an amount to be determined by the court.

*Legal Standard*

Rule 55(a) of the Federal Rules of Civil Procedure requires the clerk to enter an order of default if a party against whom affirmative relief is sought has failed to timely plead or otherwise defend an action. "Upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). Rule 55(b)(2) gives the district court "considerable leeway as to what it may require as a prerequisite to the entry of a default judgment." *TeleVideo Sys., Inc., v. Heidenthal*, 826 F.2d 915,

917-8 (9th Cir. 1987). "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff[;], (2) the merits of plaintiff's substantive claim[;] (3) the sufficiency of the complaint[;] (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring the decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citing 6 MOORE'S FEDERAL PRACTICE, ¶ 55-05[2], at 55-14 to 55-26). "[D]efault judgments are ordinarily disfavored." *Eitel*, 782 F. 2d at 1472.

*Discussion*

To establish a claim for copyright infringement, a plaintiff must show ownership of the copyright and copying by the defendant. *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 817 (9th Cir. 2003). The factual allegations of the amended complaint, taken as true upon default, establish these elements in this case. Additionally, Martinez admitted he was responsible for the infringing activity. The court finds a judgment of default is appropriate in these circumstances.

Plaintiffs are entitled to recover actual damages attributable to the infringement or may elect to recover statutory damages. 17 U.S.C. §§ 504(b) and (c). The court may award, as statutory damages, "a sum of not less than $750 or more than $30,000." 17 U.S.C. § 504(c)(1). However, where the infringement is committed willfully, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). The purpose of a statutory damage award for willful copyright infringement is to penalize the infringer and to deter future violations of the copyright laws. *Nintendo of Am. v. Dragon Pac. Intern.*, 40 F.3d 1007, 1011 (9th Cir. 1994).

Taking the allegations in the amended complaint as true, Martinez willfully infringed Plaintiffs' copyright. Plaintiffs concede the actual economic damages suffered as a result of Martinez's activity is highly speculative and literally incalculable. Plaintiffs additionally acknowledge this district has generally awarded the statutory minimum of $750 in similar cases. However, Plaintiffs argue the damages awarded in this action should be increased based on evidence of continued infringing activity after Martinez received notice of this action and Martinez's willful refusal to participate in this action despite knowing the size of awards in these cases.

I.  Continued Infringing Activity

Based on the January 6, 2015, subpoena issued to Comcast, Plaintiffs' counsel "believes" Martinez was aware of this action on or about January 12, 2015, yet continued infringing activity through early February 2015. (Crowell Decl. ¶ 8.) Plaintiffs presented no evidence in support of this "belief" or offer other evidence establishing the date Martinez became aware of this action.

In a Motion for Extension of Time and Report filed with the court on February 10, 2015, Plaintiffs represented it is Comcast's practice to give a subscriber notice and an opportunity to object before responding to a subpoena. (Mot. for Time and Report ("Mot.") at 2.) As of that date, Comcast had not received a notice of objection and Plaintiffs expected a response to the subpoena within two weeks. (Mot. at 2.) By March 5, 2015, Plaintiffs had received the identity of the IPA subscriber but had been unable to communicate with him. (Mot. for Leave to Issue FRCP 45 Subpoena at 2-3.) This evidence establishes Martinez could have received notice of this action anytime between January 6, 2015, the date the Comcast subpoena was issued, and a date sufficiently before March 5, 2015, to allow Comcast to notify Martinez of the pending action and afford him two weeks to object before responding to Plaintiffs' subpoena. Assuming Martinez was notified of this

action somewhere in the middle of these outside dates, it is reasonable to conclude on this record his infringing activity ceased at the time he was made aware of this action.

II. Disregard of this Action

The record supports Plaintiffs' claim Martinez did not initially communicate with Plaintiffs and again ceased communications shortly after the non-party subpoena was issued. Based on this evidence, Plaintiffs urge the court to "consider that the defendant willfully disregarded these proceedings knowing full well that the damages commonly being awarded in this District were the statutory minimum." (Mot. for Default Judgment at 7.) Plaintiffs failed to present evidence Martinez was aware of the history of damage awards in similar cases. The only reference to communication between Martinez and Plaintiffs, other than Martinez's refusal to talk to Plaintiffs, is a paragraph in a declaration indicating Martinez confirmed in emails he was the infringing party. Plaintiffs do not provide evidence they informed Martinez, or Martinez had independent knowledge, of damage awards in similar cases in this District. Accordingly, Plaintiffs have failed to support their claim Martinez was not deterred by previous damage awards.

Additionally, Plaintiffs made the same arguments in their two previous motions for default judgment in this District, in which they argued damage awards in the amount of the statutory minimum are generally insufficient to compel a defendant to appear and answer the complaint. *See Voltage Pictures, LLC v. Pecsok*, No. 6:14:-cv-1407-AC, Pltfs.' Mot. for Default Judgment (ECF # 21) at 6; *Voltage Pictures, LLC v. Lange*, No. 6:14:-cv-1244-AC, Pltfs.' Mot. for Default Judgment (ECF # 21) at 6. Judge Mosman impliedly rejected this argument by awarding the statutory minimum of $750 in both actions.

Finally, the relevant issue is whether the damage award serves as a deterrence to future

violations of copyrights laws, not as motivation to a defendant to willingly participate in copyright actions. To the extent Martinez's refusal to voluntarily communicate with Plaintiffs in this action increased the attorney fees incurred by Plaintiffs, such conduct may be penalized, and possibly deterred, through an enhanced attorney fees award.

III. Conclusion

Plaintiffs have failed to present evidence the infringing conduct in this action differs from other actions in which this District has awarded the minimum statutory damage amount. The court recommends an award of damages in the amount of $750 finding this amount, together with a possible award of attorney fees, is sufficient to deter Martinez and others from infringing on Plaintiffs' copyrights in the future.

The court may grant final injunctions to prevent further infringement. 17 U.S.C. § 502(a). Accordingly, the court should grant Plaintiffs' request to permanently enjoin Martinez from infringing Plaintiffs' rights in their motion pictures.

Plaintiffs also allege a claim for trademark infringement under OR. REV. STAT. 647.105 seeking injunctive relief "protecting its catalog of works." (Pls.' Mot. for J. and Order at 8.) Plaintiffs' interests are adequately protected by the injunction prohibiting Martinez from infringing on Plaintiffs rights in their motion pictures under 17 U.S.C. § 502(a). Accordingly, the court need not, and will not, address Plaintiffs' arguments they are entitled to pursue claims under both federal copyright and state trademark law.

*Conclusion*

Plaintiffs' motion (#23) for default judgment should be GRANTED. A default judgment permanently enjoining Martinez from infringing Plaintiffs' rights in their motion pictures and

awarding statutory damages in the amount of $750 should be entered.

## Scheduling Order

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due **July 20, 2015**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 2nd day of July, 2015.

/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge