UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| VOLTAGE PICTURES, LLC, a California Limited Liability Company, and DALLAS BUYERS CLUB, LLC, a Texas Limited Liability Company,<br><br>      Plaintiffs,<br><br>  v.<br><br>JOHNNY MARTINEZ,<br><br>      Defendant. | Case No. 3:15-cv-002-AC<br><br>FINDINGS AND RECOMMENDATION |

ACOSTA, Magistrate Judge:

*Introduction*

  Plaintiffs Voltage Pictures, LLC, and Dallas Buyers Club, LLC ("Plaintiffs), filed this action against a Doe defendant for copyright infringement under the Copyright Act and for a violation of state trademark law. On August 20, 2015, the court entered a default judgment, awarding Plaintiffs

damages in the amount of $750, as well as an injunction against the infringing party. Plaintiffs now seek attorney fees in the amount of $3,962.40 and costs in the amount of $1,032.00.

The court finds the amount requested for attorney fees is reasonable and Plaintiffs are entitled to recover the requested costs with the exception of $450.00 for electronic records of infringing activity. Accordingly, the court recommends granting Plaintiffs' motion for attorney fees in the amount of $3,962.40 and granting Plaintiffs' cost bill in the amount of $582.00.

*Background*

Plaintiffs filed this action on January 1, 2015. From the date of filing through mid-March 2015, Plaintiffs engaged in discovery to determine the identity of the alleged infringer. In response to his receipt of a subpoena for a Rule 45 deposition, Johnny Martinez ("Martinez") admitted to engaging in the infringing activity. On March 30, 2015, Plaintiffs filed a First Amended Complaint identifying Martinez as the Doe defendant and completed service on Martinez on April 3, 2015. Plaintiffs filed a notice of default on March 29, 2015, advising Martinez of their intent to move for default if Martinez did not promptly appear in the action. On May 16, 2015, Plaintiffs filed a motion for entry of default and this court entered an order of default on May 22, 2015. Plaintiffs then moved for a default judgment on June 1, 2015. This court issued a Findings and Recommendation recommending the entry of a default judgment in favor of Plaintiffs and against Martinez on July 2, 2015, which Judge Hernandez adopted on August 11, 2015. Plaintiffs filed their motion for attorney fees and costs on September 8, 2015. Martinez has not filed objections.

*Legal Standard*

The Copyright Act provides for an award of costs and reasonable attorney's fees to a prevailing party in an action for copyright infringement. 17 U.S.C. § 505 (2014). Awarding fees

under this provision is a matter of the court's discretion, but it is to be applied in an evenhanded manner, *i.e.*, "[p]revailing plaintiffs and prevailing defendants are to be treated alike. . . ." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).

In determining whether fees should be awarded, the court should consider the following factors, which are non-exclusive: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence." *Id*. at 535 n. 19 (quoting *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 156 (1986)). *See also Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1120 (2007). The Ninth Circuit also considers the degree of success obtained in determining both whether attorney fees are recoverable and, if so, the amount of such fees. *Wall Data Inc. v. Los Angeles County Sheriff's Dept.*, 447 F.3d 769, 787 (9th Cir. 2007).

In determining what amount is "reasonable," courts first "calculate the 'lodestar figure' by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). The court must then decide whether to enhance or reduce the figure by evaluation the factors discussed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), that were not already considered in calculation of the lodestar figure. The *Kerr* factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Only those factors that are applicable must be addressed. *Sapper v. Lenco Blade, Inc.*, 704 F.2d 1069 (9th Cir. 1983).

"[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may be properly considered in determining a reasonable fee." *Perdue v. Kenny A.*, 559 U.S. 542, 554 (2010). The district court has "considerable discretion" in determining the reasonableness of a fee award. *Webb v. Ada County*, 195 F.3d 524, 526-7 (9th Cir. 1999).

*Discussion*

I. Entitlement to Attorney's Fees

Plaintiffs allege Martinez copied and published their motion picture, *Dallas Buyers Club*, via a BitTorrent client. Accordingly, Plaintiffs allege Martinez willfully infringed on their exclusive rights under the Copyright Act and, if not enjoined from future infringing activity, would continue to cause them harm. The court entered a default judgment awarding Plaintiffs statutory damages and injunctive relief. Plaintiffs were successful in obtaining the results sought. The action was not frivolous, was motivated by Plaintiffs' desire to protect their copyright interests, and reasonably sought to recover compensation for, and deter future, copyright infringement. The relevant factors justify an award of attorney's fees in this case.

II. Reasonable Hourly Rate

A reasonable hourly rate is determined by looking to the "prevailing market rates in the relevant community" as well as the skill, experience, and reputation of the lawyer. *Blum v. Stenson*, 465 U.S. 886, 895 (1984) The party requesting the fees "has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those

prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987). The best evidence of the prevailing rate in Oregon is the periodic Economic Survey conducted by the Oregon State Bar. *Roberts v. Interstate Distrib. Co.*, 242 F. Supp. 2d 850, 857 (D. Or. 2002).

Plaintiffs' counsel, Carl C. Crowell ("Crowell"), seeks $312 per hour for time spent on Plaintiffs' claim. Crowell has been a practicing attorney since 1998, and is admitted to practice before numerous courts, as well as the United States Patent and Trademark Office as a patent attorney. The Oregon State Bar 2012 Economic Survey reveals the average hourly rate billed by attorneys in private practice in Portland, Oregon, is $284, while the average for attorneys practicing in the Upper Willamette Valley, which includes Salem, Oregon, is $218. A Portland attorney with thirteen to fifteen years experience bills at an average of $312 per hour. An Upper Willamette Valley attorney with similar experience bills at an average of $247 per hour. A Portland attorney specializing in business or corporate litigation bills at an average of $311 per hour. There is no statistical model for Upper Willamette Valley attorneys specializing in similar litigation.

Crowell has unique expertise in the area of copyright infringement and litigated this action in Portland, Oregon. Accordingly, the court finds the hourly billing rate of $312 requested for Crowell's services is reasonable in light of his experience and the billing rates of comparable attorneys in the Portland area. This conclusion is consistent with those of Judge Aiken and Judge Mosman, who also awarded Crowell attorney fees at an hourly rate of $312 per hour. *See Voltage Pictures, LLC v. Smith*, No. 6:14-cv-1193-AA, Order dated February 18, 2015; *Voltage Pictures, LLC v. Lange*, No. 6:14-cv-1244-AC, Default Judgment dated March 4, 2015.

/ / / / /

III.  Hours Reasonably Expended

The party seeking the award of fees must submit evidence to support the number of hours worked.  *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).  Fee petitions which include inadequate detail or that fail to separate time for individual tasks may be totally or partially denied, or apportioned accordingly.  *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 892 (9th Cir. 2011); *Dry Creek Landfill, Inc. v. Waste Solutions Group, Inc.*, No. CV-04-3029-ST, 2007 WL 710214, at *5 (D. Or. Mar. 6, 2007).  "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen*, 214 F.3d at 1045 (citation omitted).  Reasonable time spent in preparing a fee petition is generally recoverable.  *Guerrero v. Cummings*, 70 F.3d 1111, 1112 (9th Cir. 1995).

Crowell represents he spent 12.7 hours on this matter.  A major portion of Crowell's time was spent engaging in tasks required to identify the infringing party, including obtaining leave of court to conduct a Rule 45 deposition of Martinez, which resulted in Martinez's admission he downloaded Plaintiffs' motion picture.  Crowell spent additional time preparing pleadings, including the complaint, amended complaint, summons, notice of default, motion for entry of default, and motion for default judgment.  Finally, Crowell communicated, or attempted to communicate, with his client and Martinez on numerous occasions.  The court finds the time expended by Crowell in litigation this action was reasonable.

IV.  Bill of Costs

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."  FED. R. CIV. P 54(d) (2014).  Under Local Rule 54, a party seeking costs in this

district must provide a "detailed itemization of all claimed costs. The prevailing party must file an affidavit and appropriate documentation." LR 54-1(a)(1) (2014).

"Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-945 (9th Cir. 2003). "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Association of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (citing *National Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995)). The district court must give specific reasons for rejecting claimed costs. *Id*. at 591-592 (citing *Subscription Television, Inc. v. Southern Cal. Theater Owners Assoc.*, 576 F.2d 230, 234 (9th Cir. 1978)).

> The United States Code identifies six categories of recoverable costs:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2014). A court may not award costs beyond the scope of those authorized by section 1920. *Kraft v. Arden*, No. CV. 07-487-PK, 2009 WL 73869, at *3 (D. Or. Jan. 8, 2009) (citations omitted). "Courts, however, are free to construe the meaning and scope of the items

enumerated as taxable costs in § 1920." *Id*. Ultimately, it is "incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. California*, 178 F.3d 1069, 1079 (9th Cir. 1999). However, "[t]he court is required to ensure an award's reasonableness, regardless of whether the opposing party objected." *Old West Fed. Credit Union v. Skillman*, No. 2:11-cv-01170-SU, 2012 WL 4594256, at *2 (D. Or. Sept. 6, 2012)(quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1400-02 (9th Cir. 1992)) .

Plaintiffs seek reimbursement for the initial filing fee in the amount of $400.00 and $70.00 paid to Comcast for subpoenaed records. These costs are reasonable and recoverable.

Plaintiffs also seek recovery of a $40.00 witness fee and $72.00 for mileage related to Martinez's Rule 45 deposition. Under 28 U.S.C. § 1920(3), a prevailing party may recover witness fees. A witness is entitled to a fee of $40.00 for each day the witness is testifying. 28 U.S.C. § 1821(b) ("A witness shall be paid an attendance fee of $40 per day for each day's attendance."). *See also First Nat'l Mortg. Co. v. Federal Realty Inv. Trust,* 631 F.3d 1058, 1071 (9th Cir.2011)(federal law allows recovery of only "forty dollar per day per witness"). Mileage is permitted in addition to this fee. 28 U.S.C. § 1821(c)(2) (providing for a "travel allowance equal to the mileage allowance" paid to federal employees). *See also Dimon v. Oregon,* No. 08–6152–HO, 2009 WL 3401048 (D. Or. Oct. 20, 2009)(awarding witness fee and mileage); *Kyei v. Oregon Dept. of Trans.,* No. 07–1607–AC, 2010 WL 935489, at *4 (D. Or. March 11, 2010)(same).

It is unclear from the record whether the Rule 45 deposition, which was scheduled for March 25, 2015, actually occurred. Plaintiffs represent Martinez was served with the subpoena for his Rule 45 deposition and that he admitted to the infringing conduct after receiving the subpoena, which implies the deposition was unnecessary and did not occur. This conclusion is supported by the

itemization of Crowell's services on March 25, 2015, which indicate he reviewed the file and emails from Martinez and prepared settlement documents on that day, but not that he attended a deposition or met with Martinez in person.  However, based on Crowell's representations he provided Martinez with the witness fee and mileage costs, and that such costs were necessarily incurred in this action, the court finds it reasonable to assume Martinez cashed the checks provided to him by Crowell and should reimburse Plaintiffs for those amounts.

Finally, Plaintiffs seek reimbursement of $450.00 for electronic records of infringing activity which included a record of over 580 files.  In the cost bill, Plaintiffs appear to contend they are entitled to recovery of such costs under 28 U.S.C. § 1920(2), which relates primarily to deposition transcripts.  The more appropriate authority for recovery of the cost of making copies of evidence is found in 28 U.S.C. § 1920(4), which addresses recovery of costs incurred in making copies of materials.  However, the standard under both sections is substantially similar.

Under 28 U.S.C. § 1920(2), a prevailing party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" *See also* FED. R. CIV. P. 54(d)(1) ("costs . . . should be allowed to the prevailing party").  "Depositions are 'necessary' if introduced into evidence or used at trial for impeachment or cross-examination." *Arboireau v. Adidas Salomon AG*, No. CV 01-105-ST, 2002 WL 31466564 at *5 (D. Or. June 14, 2002).  The cost of a deposition not used at trial still may be recovered "if taking the deposition was reasonable as part of the pretrial preparation of the case rather than merely discovery for the convenience of counsel, or if the deposition was required for a dispositive motion." *Id*.  Disallowance of expenses for depositions not used at trial is within the district court's discretion. *Washington State Dep't. of Transp. v. Washington Natural Gas Co.,* 59 F.3d 793, 806 (9th Cir. 1995).  However, in calculating

award of costs, a court may, it its discretion, tax deposition and copying costs even if the items in question were not used at trial. *Sea Coast Foods, Inc. v. Lu-Mar Lobster and Shrimp, Inc.*, 260 F.3d 1054 (9th Cir. 2001).

Similarly, a prevailing party may recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Copying costs for documents used as exhibits at trial are recoverable. *Arboireau*, 2002 WL 31466564, at *6 (citing *Fressell v. AT&T Tech., Inc.,* 103 F.R.D. 111, 115-16 (N.D. Ga. 1984)). However, recoverable copying costs "do 'not include extra copies of filed papers, correspondence, and copies of cases since these are prepared for the convenience of the attorneys.'" *Id.* (citation omitted). *See also Frederick v. City of Portland,* 162 F.R.D. 139, 142 (D. Or.1995) (rejecting bulk of defendants' request for costs as "inappropriate" because it "represents costs associated with the in-house photocopying of defense counsel"). A party's conclusory assertion that all copies were reasonably necessary to its case is, by itself, insufficient. *Kraft*, 2009 WL 73869, at *9. *See also Arboireau*, 2002 WL 31466564, at *6 (same).

Plaintiffs' represent they incurred the $450.00 in costs "for the electronic transcripts of the infringing activity of the defendant which included a record of over 580 files associated with the defendant's IP address and other data related to the defendant's internet activity to ensure plaintiffs were naming the proper party."[1] (Crowell Decl. dated Sept. 8, 2015, ¶ 15.) Plaintiffs fail to indicate from whom they obtained the transcripts, the costs related to the different types of data, or how the data was necessary to, or used in, this action. Without this information, either in the form of bills,

---

[1] Plaintiffs independently seek $70.00 "in fees paid to Comcast for subpoenaed data" which the court has found reasonable and recoverable. (Crowell Decl. dated Sept. 8, 2015, ¶ 15.)

receipts, or additional description of the charges in a declaration, the court is unable to determine whether Plaintiffs obtained this evidence for counsel's convenience or for use in the trial, the extensive evidence obtained was necessarily obtained for use in this case, or the charges incurred were reasonable. It does not appear any of this evidence was offered in support of the amended complaint or any motion filed with the court, and the court questions how records of 580 files associated with Martinez and other data related to Martinez's internet activity were necessary to establish Martinez downloaded Plaintiffs motion picture. Consequently, the court concludes the cost of this evidence is not recoverable.

*Conclusion*

Plaintiffs' motion (ECF No. 39) for attorney fees should be GRANTED and Plaintiffs should be awarded attorney fees in the amount of $3,962.40. Plaintiffs' cost bill (ECF No. 41) should be GRANTED with the exception of the $450.00 requested for electronic records and Plaintiffs should be awarded $582.00 in costs.

Scheduling Order

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due **January 21, 2016**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 4th day of January, 2016.

/s/ John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge

Page 11 - FINDINGS AND RECOMMENDATION                                                    {SIB}